UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YVETTE R. HUNT,

                            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

Case # 16-CV-610-FPG

DECISION AND ORDER

**INTRODUCTION**

Yvette R. Hunt brings this action pursuant to the Social Security Act seeking review of the final decision of the Acting Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 16, 19. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

**BACKGROUND**

On August 9, 2012, Hunt protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 186-93. She alleged disability since September 15, 2010 due to cervical lumbar strain and neck and knee problems with pain. Tr. 35, 217. On April 30 and August 7, 2014, Hunt and a vocational expert ("VE") appeared and testified at hearings before Administrative Law Judge Bruce R. Mazzarella ("the ALJ"). Tr. 48-97. On October 6, 2014, the

---

[1] "Tr." refers to the administrative record in this matter.

ALJ issued a decision finding that Hunt was not disabled within the meaning of the Act. Tr. 35-43. On June 2, 2016, the Appeals Council denied Hunt's request for review. Tr. 1-4. Thereafter, Hunt commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of

impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. 20 C.F.R. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Hunt's claim for benefits under the process described above. At step one, the ALJ found that Hunt had not engaged in substantial gainful activity since the application date. Tr. 37. At step two, the ALJ found that Hunt has the following severe impairments: obesity, degenerative lumbar disc disease, right knee degenerative joint disease, sleep apnea, cervical spine disorder, and mood disorder. *Id.* At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 38-39.

Next, the ALJ determined that Hunt retains the RFC to perform light work[2] with additional limitations. Tr. 39-42. Specifically, the ALJ found that Hunt can sit, stand, and walk for eight hours in an eight-hour workday with only normal breaks and meal periods; can occasionally stoop, crouch, kneel, and climb stairs; and can engage in simple, repetitive, and routine tasks. Tr. 39.

At step four, the ALJ indicated that Hunt has no past relevant work. Tr. 42. At step five, the ALJ relied on the VE's testimony and determined that Hunt can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 42-43. Specifically, the VE testified that Hunt could work as a mailroom attendant and assembler. Tr. 43. Accordingly, the ALJ concluded that Hunt was not "disabled" under the Act. *Id.*

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

**II.     Analysis**

Hunt argues that remand is required because the Appeals Council erred when it failed to consider evidence submitted after the ALJ's decision, thus rendering the ALJ's decision unsupported by substantial evidence.[3]  ECF No. 16 at 13-18; ECF No. 20 at 1-4.  The Commissioner argues that the new evidence does not affect the ALJ's decision because it does not relate to the relevant time period.  ECF No. 19-1 at 17-21.

**A.     Appeals Council Review**

The Appeals Council will review a case if (1) the ALJ appears to have abused his discretion; (2) there is an error of law; (3) the ALJ's findings are unsupported by substantial evidence; or (4) there is a broad policy or procedural issue that may affect the public interest.  20 C.F.R. § 416.1470(b) (effective Feb. 9, 1987 to Jan. 16, 2017).

When it reviews a denial of SSI benefits, the Appeals Council must consider additional evidence that a claimant submits if it is new, material, and relates to the period on or before the ALJ's decision.  *Id.*  "Evidence is new if it is not merely cumulative of what is already in the record and is material if [it] is relevant, probative, and provides a reasonable possibility that [it] could change the Commissioner's decision."  *Connell v. Comm'r of Soc. Sec.*, No. 5:15-CV-1453 (FJS), 2017 WL 213054, at *2 (N.D.N.Y. Jan. 18, 2017) (internal quotation marks and citations omitted).  As to whether the evidence relates to the period on or before the ALJ's decision, the Second Circuit has held that "medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing."  *Carrera v. Colvin*, No. 1:13-cv-1414 (GLS/ESH), 2015 WL 1126014, at *8 (N.D.N.Y. Mar. 12, 2015) (citing *Newbury v. Astrue*, 321 F. App'x 16, 18 n.2 (2d Cir. 2009)

---

[3] Hunt advances another argument that she believes requires reversal of the Commissioner's decision.  ECF No. 16 at 18-20; ECF No. 20 at 4-5.  The Court will not reach that argument, however, because it disposes of this matter based on the Appeals Council's error.

(summary order)). This is because examinations and testing that occur after the ALJ renders his decision may still be relevant if they clarify a pre-hearing disability or diagnosis. *Carrera*, 2015 WL 1126014, at *8 (citation omitted). If the claimant submits evidence "that does not relate to the period on or before the date of the [ALJ's] hearing decision, the Appeals Council will explain why it did not accept the additional evidence." 20 C.F.R. § 416.1476(b)(1) (effective Feb. 5, 2016 to Jan. 16, 2017).

"Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (citation omitted); 20 C.F.R. § 416.1470(b). "[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." *Lesterhuis*, 805 F.3d at 87 (quoting *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996)). If the Appeals Council denies review, the ALJ's decision is the SSA's final decision. *See Perez*, 77 F.3d at 44 (citations omitted).

When the claimant appeals to a district court, it "review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every case, whether there is substantial evidence to support the [SSA's] decision." *Lesterhuis*, 805 F.3d at 87 (quoting *Perez*, 77 F.3d at 46). If the Appeals Council fails to consider new and material evidence, "the proper course for the reviewing court is to remand for reconsideration in light of the new evidence." *McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. 2010) (citing *Milano v. Apfel*, 98 F. Supp. 2d 209, 216 (D. Conn. 2000)); *see also Seifried ex rel. A.A.B. v. Comm'r of Soc. Sec.*, No. 6:13-CV-0347 LEK/TWD, 2014 WL 4828191, at *4 (N.D.N.Y. Sept. 29, 2014).

6

**B.     Evidence Submitted**

Hunt submitted two Assessments for Determination of Employability dated December 3, 2014 to the Appeals Council.  Tr. 8-12, 15-19.  Consultative examiner Kristina Luna, Psy.D. completed the first assessment wherein she evaluated Hunt's psychological and intellectual ability to work.  Tr. 8-12.  Dr. Luna opined that Hunt can maintain attention and concentration for rote tasks only 50% of an eight-hour workday.  Tr. 11.  She also indicated that Hunt could not participate in any activities except treatment or rehabilitation for three months due to her major depressive disorder with history of psychotic features and panic disorder.  Tr. 12.

Consultative examiner Hongbiao Liu, M.D. completed the second assessment wherein he evaluated Hunt's physical ability to work.  Tr. 15-19.  Dr. Liu opined that Hunt can sit, push, pull, bend, and reach overhead for only two to four hours in an eight-hour workday; can walk, stand, and climb only one to two hours in an eight-hour workday; and needs a cane for prolonged walking, bending, and kneeling.  Tr. 17-18.  Dr. Liu found Hunt "permanently disabled," that her condition is not expected to improve, and that she cannot participate in any activities due to the limited motion in her neck, low back, and knee.  Tr. 18.

**C.     Application**

When the Appeals Council declined to review Hunt's case, it merely stated that it "found no reason under [the SSA's] rules to review the [ALJ]'s decision."  Tr. 1.  In reaching this conclusion, the Appeals Council "considered the reasons" Hunt disagreed with the ALJ's decision and "found that this information does not provide a basis for changing" that decision.  Tr. 2.  There is no indication whatsoever that the Appeals Council reviewed Drs. Luna and Liu's assessments.

Drs. Luna and Liu's assessments are clearly "new" because they did not exist until after the ALJ's decision and are not merely cumulative of other record evidence.  The assessments are

also "material" because they are relevant, probative, and could have persuaded the Commissioner to decide the case differently. Dr. Luna opined that Hunt can maintain attention and concentration for rote tasks only 50% of an eight-hour workday, which conflicts with the ALJ's RFC determination that Hunt can perform simple, repetitive, and routine tasks. Tr. 11, 39. Dr. Liu opined that Hunt can sit only two to four hours and walk and stand only one to two hours in an eight-hour workday, which is inconsistent with the ALJ's finding that Hunt can perform light work and can sit, walk, and stand for eight hours in an eight-hour workday. Tr. 17-18, 39. Dr. Liu also found Hunt "permanently disabled" (Tr. 18), which, if credited, would clearly change the disposition of this case.

Moreover, Drs. Luna and Liu both examined Hunt, which weighs in favor of crediting their opinions, *see* 20 C.F.R. § 416.927(c)(1), and "[i]t is well established that an ALJ may rely on the medical opinions provided by State agency consultants and that those opinion[s] may constitute substantial evidence." *Barber v. Comm'r of Soc. Sec.*, No. 6:15-CV-0338 (GTS/WBC), 2016 WL 4411337, at *7 (N.D.N.Y. July 22, 2016) (citations omitted).

Because Hunt submitted new and material evidence, the Appeals Council was required to consider it if "it relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 416.1470(b). Hunt asserts that Drs. Luna and Liu's assessments relate to the relevant period because they were performed just two months after the ALJ's decision and refer to her joint, lower back, and knee pain, obesity, anxiety, and depression, all of which relate to the severe impairments the ALJ found at step two. ECF No. 16 at 16; ECF No. 20 at 2-4. The Commissioner argues that this evidence does not concern the relevant period because it post-dates the ALJ's decision and does not touch on the period at issue. ECF No. 19-1 at 18. But the Appeals Council did not state that it rejected the new evidence based on timing. The Commissioner may not

substitute her own rationale when the SSA failed to provide one, *see Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (quotation marks and citation omitted), and the Court "may not affirm an administrative action on grounds different from those considered by the [SSA]." *Lesterhuis*, 805 F.3d at 89 (2d Cir. 2015) (internal quotation mark and citation omitted). Even if Drs. Luna and Liu's assessments did not relate to the relevant period, the Appeals Council was obligated to *explain why* it did not accept this evidence. 20 C.F.R. § 416.1476(b)(1).

The Appeals Council was completely silent as to the new and material evidence Hunt submitted and, therefore, the Court finds that remand is warranted.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 16) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 19) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). Because Plaintiff filed her application over five years ago, the Court directs the Commissioner to expedite its review of this matter. The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 13, 2018
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court